

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 4, 2013**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | Case No. 09-20232-RLJ-11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| WALTER O'CHESKEY, Trustee, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 11-02132 |
| | § | |
| CATHERINE D. KOEHLER, *et al.* | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| WALTER O'CHESKEY, Trustee, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 12-02023 |
| | § | |
| JOAN GRAHAM and the TERESA JOAN | § | (CIVIL ACTION NO. 2:12-cv-00222-J) |
| KOEHLER GRAHAM TRUST, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court considers the motion of Texas Capital Bank, N.A. ("TCB") seeking reimbursement of discovery-related costs and expenses, which is opposed by the requesting party, plaintiff Walter O'Cheskey, Trustee (the "Trustee"). Hearing was held on May 16, 2013, after which the Court requested that the parties submit letter briefs in support of their respective positions.

TCB seeks reimbursement of attorneys' fees and expenses of $23,596.93 for 59.4 attorney hours, plus the additional fees incurred as a result of the hearing. The total amount sought, therefore, is approximately $25,000.00. TCB makes its request under Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, though, at the hearing, no mention was made of Rule 26(c). Briefly, Rule 26(c) concerns the issuance of protective orders upon motion by a "party or any person from whom discovery is sought" and sets forth a non-exclusive list of items properly made a part of a protective order. Subparagraph (3) of Rule 26(c) states that "Rule 37(a)(5) applies to the award of expenses." Rule 37(a)(5) addresses the payment of expenses and, at subparagraph (B), provides that if a motion to compel discovery *is denied*, the court *must* require the movant (and/or movant's attorney) to pay the "party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

Rules 26(c) and 37(a)(5) are not applicable. No motion to compel was filed here and no issue is before the Court concerning the propriety of the discovery. Similarly, though it was raised at the hearing, Rule 45(c)(1) is likewise not applicable. This rule places a burden on the

party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." If the party or attorney fails to honor this duty, the court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees." Again, TCB does not contend that the requirements of the subpoena imposed an undue burden or that the Trustee, or his counsel, should be sanctioned. The dispute here goes to whether TCB can recover the attorneys' fees it was charged by its attorneys, Winstead PC, in connection with the discovery served on it by the Trustee.

Rule 45(c)(2)(B) is the potentially applicable provision. It states as follows:

Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(c)(2)(B).

First, the Court is satisfied that TCB is *not* foreclosed from making this request. The subpoenas demanded production on an expedited basis. It was both practical and efficient for TCB to produce the documents and raise its request for payment of expenses, through an objection, after or during the production process. Any other construction would be patently unfair to TCB. The question, then, is whether the approximate $25,000 in attorneys' fees are reimbursable. The Court, at the hearing, raised the question of whether attorneys' fees are included within the reimbursable expenses contemplated by the rule, and requested the parties to

submit letter briefs on the issue. Upon a review of the rule and the authorities cited, the Court is satisfied that attorneys' fees can be reimbursable. From the rule, it is apparent that reimbursable legal fees are simply a component of the expenses incurred by the non-party in complying with the dictates of the subpoena. The rule does not establish a blanket requirement that all of a non-party's legal fees are reimbursable so long as they are somehow related to its efforts in responding to a subpoena. Reimbursable fees are those that are necessary to the third party's compliance and thus benefit the requesting party or are of assistance to the court. A non-party should not be forced to subsidize an unreasonable share of the costs associated with the pending litigation. Reimbursable fees include, for example, those fees incurred in connection with legal hurdles or impediments to the production. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482 (E.D. Pa. 2005) (attorneys' fees incurred by non-party in ensuring that production of medical records did not violate federal law); *see also First Am. Corp. v. Price Waterhouse, LLP (In re First Am. Corp.)*, 184 F.R.D. 234 (S.D.N.Y. 1998) (the third party's compliance required it to address foreign legal impediments preventing disclosure of certain requested documents and thus justified award of reimbursement of a portion of fees incurred).

The rule does not mandate the party's payment of all attorneys' fees that a third party incurs in its compliance, however. To the extent a third party merely chooses to have an attorney review all aspects of its compliance and, if applicable, to sit through and "defend" a deposition, as was done here, it does so for its own benefit. Fees for services that benefit the non-party are not reimbursable. The request here is a blanket request for all fees incurred. It does not delineate which services might fall within the types that are reimbursable.

The Court has reviewed the Trustee's document requests made in connection with the subpoena along with the fee detail submitted by TCB. The document request covered a lengthy period, January 1, 2006 through December 31, 2011, and demanded production of all documents relating to the "transfer of funds" from ten different but related parties, designated as the "Koehler-Related Parties," to American Housing Foundation ("AHF"), and all documents relating to any "transactions" between AHF, Steve Sterquell (the principal of AHF), "any of AHF's related entities," and the same ten Koehler-Related Parties. As mentioned above, the subpoena required production on an expedited basis.

The Court has no real understanding of how difficult or burdensome it was for TCB to locate, organize, copy, and produce the requested documents. It is understandable that TCB obtained legal advice concerning the subpoena generally and, specifically, for an interpretation of the document request, its scope, and requirements for compliance.

The rule addresses "significant expenses" resulting from compliance. This means, in the Court's view, significant expenses resulting directly from the work done in complying with the subpoena. Such significant expenses should not be shifted to the non-party. It does not, however, cover services provided by an attorney to a non-party for the non-party's sole benefit and peace of mind.

Upon a review of the request here, the Court makes the rough estimate that reimbursable fees are $2,500.00. This should be sufficient to cover counsel's interpretation of the subpoena, along with direction and advice concerning compliance with the subpoena. The Court fails to understand how counsel's attendance at the deposition benefits any party other than TCB. In addition, the narrative in the fee detail mentions a potential attorney-client privilege issue. This

presumably refers to communications between TCB and the Winstead attorneys. No explanation was provided for this at the hearing. The Court assumes TCB's potential assertion of a privilege was to protect or benefit TCB. It is, therefore,

ORDERED that the Trustee shall reimburse TCB for attorneys' fees in the sum of $2,500.00; it is further

ORDERED that all other relief requested by the motion is denied.

### End of Order ###